974 F.2d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Del KIDD; Judy Kidd, Plaintiffs-Appellants,
v.
DEPARTMENT OF the INTERIOR; Manuel Lujan, Jr., Secretary;
Bureau of Reclamation, Edward M. Hallenbeck,
Regional Director, Defendants-Appellees.
 No. 91-15321.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 13, 1992.
Decided Aug. 31, 1992.
 
 Appeal from the United States District Court for the District of Nevada, No. CV-90-00272-PMP; Philip M. Pro, District Judge, Presiding.
 D.Nev.
 REVERSED AND REMANDED.
 Before HUG, TANG and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This case arises under the Freedom of Information Act ("FOIA"). Del and Judy Kidd claim that the document they requested under FOIA was altered before the Department of the Interior redacted it for FOIA purposes. The district court granted the Government's motion for summary judgment, and denied the Kidds' request for an extension of time for discovery.
 
 
 3
 Del Kidd, an employee of the Bureau of Reclamation in the Yuma Projects Office, filed a grievance against his supervisor, Harold Pritchett, for harassment. To aid him in his grievance, Kidd and his wife, Judy, filed a FOIA request seeking a Project Management Evaluation ("PME") report from the Bureau of Reclamation. The Kidds believed that the PME would contain a negative evaluation of Pritchett, including details about Pritchett's alleged harassing management style. On June 13, 1989, the Bureau of Reclamation refused to release the PME, citing Exemption 6 of FOIA. Exemption 6 exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6) (1988). The Kidds filed an administrative appeal. On March 9, 1990, the Department of the Interior released a redacted copy of the PME. The Department explained that the exempted material contained information about specifically identifiable individuals at the Yuma Projects Office and release of the information would violate their right to privacy.
 
 
 4
 Because of statements allegedly made by some of Kidd's fellow employees, the Kidds believed that Pritchett had been the subject of the PME. The Kidds therefore concluded that either the evaluation of Pritchett was published under a separate cover or the PME was altered to eliminate any evaluation of Pritchett. The Kidds therefore requested a complete copy of the evaluation of Pritchett.
 
 
 5
 On March 28, 1990, Dan Jensen, the Agency Representative, wrote to the Kidds and told them there had been no evaluation of Pritchett, that the PME had not been altered, and that there was no evaluation of Pritchett under separate cover.
 
 
 6
 The Kidds continued to believe that Pritchett had been evaluated, and filed a complaint in federal court on April 26, 1990, making the following requests:
 
 
 7
 The Plaintiffs ask the Court to order the Department of the Interior to supply the Court with an unexpurgated copy of the PME conducted in October, 1987, at the Yuma Projects Office and chaired by Mr. Frank Knell so that the Court may verify the integrity of the redacted version given to the Plaintiffs. We also ask the Court to order the Department to supply the Court with the current mailing addresses of the five employees who conducted the PME.
 
 
 8
 The Plaintiffs further ask the Court to submit the unexpurgated copy of the PME to the five employees who conducted the PME to have them verify, by affidavit to the Court, the authenticity and completeness of the document and/or the manner in which Mr. Harold Pritchett's evaluation was conducted and reported during the PME. We then ask the Court to furnish the Plaintiffs with an unexpurgated copy of Harold Pritchett's evaluation, however it was recorded during the PME.
 
 
 9
 On October 26, 1990, the Kidds filed a motion to extend discovery. In this motion, the Kidds stated:
 
 
 10
 (a) In their Complaint (# 1) the Plaintiffs have asked the Court to assist them in completing discovery due to the sensitivity of the document sought through the Freedom of Information Act and the nature of the case. If the Court is unable or unwilling to so assist the Plaintiffs in the manner requested, then the Plaintiffs ask for additional time to complete discovery themselves.
 
 
 11
 (b) The Plaintiffs will seek an unredacted copy of the PME for use strictly limited to this case. They will then seek depositions from the five authors of the PME and three Bureau employees in Yuma who have knowledge that the document was altered.
 
 
 12
 On November 13, 1990, the Government filed a motion for summary judgment. The Motion included an affidavit from Oscar Mueller, Jr., the person who decided the Kidds' administrative appeal. The affidavit explains the redaction process and the reasons for redacting the PME that the Department released. The affidavit does not indicate what the process was for searching for the PME or for searching for an evaluation of Pritchett, and it also does not indicate whether the PME was altered before Mueller received it.
 
 
 13
 The district court granted the motion for summary judgment on December 28, 1990. In its order granting summary judgment, the district court concluded that the Kidds had "provided no admissible evidence that the PME was altered prior to DOI's review and redaction." The court also denied the motion to extend discovery because it believed that the motion was moot.
 
 
 14
 The Kidds' complaint asked for an unexpurgated copy of Pritchett's evaluation, and also asked for discovery. FOIA grants district courts "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). FOIA does not make discovery the proper subject matter of a suit. See Giza v. Secretary of Health, Education, & Welfare, 628 F.2d 748, 751 (1st Cir.1980). Therefore, the only proper object of the suit was the request for an unexpurgated copy of Pritchett's evaluation. Thus, the relevant discovery request for the purposes of this appeal is the request in the motion to extend discovery. We have jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 15
 A grant of summary judgment is reviewed de novo. State Farm Fire & Cas. Co. v. Martin, 872 F.2d 319, 320 (9th Cir.1989). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Tzung v. State Farm Fire & Cas. Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 
 16
 We review a district court's rulings concerning discovery for an abuse of discretion. Ah Moo v. A.G. Becker Paribas, Inc., 857 F.2d 615, 619 (9th Cir.1988).
 
 I.
 
 17
 The district court apparently concluded that summary judgment was appropriate because the affidavit sufficiently established that the redacted portions of the document were exempt under Exemption 6. This conclusion, however, misses the issue. The Kidds are not challenging the redaction by the FOIA agent. Instead, they claim that the PME was altered before it went through the redaction process. The issue in this case is whether the search for the requested documents was adequate. The agency must demonstrate that it has conducted a search that was "reasonably calculated to uncover all relevant documents." Zemansky v. United States Environmental Protection Agency, 767 F.2d 569, 571 (9th Cir.1985) (citations omitted).
 
 
 18
 In demonstrating the adequacy of a search, an agency may rely on "reasonably detailed, nonconclusory affidavits submitted in good faith." Id. at 571 (citations omitted). However, the affidavits must detail the adequacy of the search. The affidavit submitted in this case does not even mention how the search was conducted. It merely asserts that the redaction of the document the DOI did produce was adequate. Such assertions are irrelevant. Therefore, the submitted affidavit cannot provide a basis for determining that there was an adequate search.
 
 
 19
 The Government has produced no evidence demonstrating that its search was adequate. In a FOIA case the Government has the burden of showing that its actions were proper. See 5 U.S.C. § 552(a)(4)(B) (1988). To meet its burden of showing that no genuine issue of material fact exists, with the facts viewed in the light most favorable to the requestor, the agency must demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents. Zemansky, 767 F.2d at 571; Weisberg v. United States Dep't of Justice, 745 F.2d 1476, 1485 (D.C.Cir.1984). Because the Government produced no evidence that it conducted an adequate search, summary judgment was improper. We therefore reverse the district court's grant of summary judgment. On remand, the Government may submit an affidavit explaining how the search for the requested information was conducted.
 
 II.
 
 20
 The Kidds argue that the district court abused its discretion by refusing to extend discovery. The requested discovery, however, was inappropriate. The Kidds essentially challenged the adequacy of the agency's search. The " 'issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate.' " Zemansky, 767 F.2d at 571, quoting Weisberg v. United States Dept. of Justice, 745 F.2d 1476, 1485 (D.C.Cir.1984) (emphasis in original). The discovery the Kidds sought was not aimed at finding out how the search was conducted. They did not seek to depose the person who conducted the search. Instead, the Kidds sought information about the existence of an unredacted PME. Therefore, the discovery request was inappropriate, and the court did not abuse its discretion by denying an extension of time for the requested discovery.
 
 
 21
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3